## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**MARK D. JASPERSON**
**9824 Bay Island Drive**
**Tampa, FL 33615**

       **Plaintiff,**

        **v.**

**FEDERAL BUREAU OF PRISONS**
**320 First Street, N.W.,**
**Washington D.C. 20534,**

**and**

**HARLEY G. LAPPIN,**
**Director, Federal Bureau of Prisons**
**320 First Street, N.W.,**
**Washington D.C. 20534,**
**sued in his official capacity,**

       **Defendants.**

CASE NUMBER  1:06CV01488

JUDGE: Henry H. Kennedy

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/23/2006

---

### COMPLAINT
#### (Declaratory Judgment and Mandamus)

COMES NOW, Mark D. Jasperson, by and through counsel, and for his cause of

action alleges as follows:

    1.  Plaintiff Mark D. Jasperson is a citizen of the United States and a resident of

the State of Florida.

    2.  Defendant Harley G. Lappin is the Director of the United States Federal

Bureau of Prisons and as such operates the Bureau of Prisons (hereinafter the "BOP"),

which is an agency of the United States government and has its principal office at 320

First St., NW., Washington, D.C. 20534.

3.   This is a civil action arising under the laws and Constitution of the United

States and this Court has jurisdiction for the complaint herein pursuant to 28 U.S.C.

§1331 (federal question), 28 U.S.C. §§2201 and 2202 (declaratory relief), and 28 U.S.C.

§ 1361 (mandamus) and Fed. R. Civ. P. 65.

4.   Venue is proper in this District because defendant is located here.

### COUNT 1
### (Declaratory Judgment)

5.   Plaintiff incorporates herein by reference the allegations set forth in

paragraphs 1 through 4 above.

6.   On May 5, 2006, Plaintiff was sentenced to a four month term of incarceration

as a result of a guilty plea to one count of tax evasion in Case No. 9:04-cr-285-T-26MAP.

7.   District Judge Lazzara "**strongly recommend [ed]** confinement at a local

Community Sanctions Center so that the defendant [plaintiff herein] can continue to

operate his business" [emphasis in original].

8.   This sentence was imposed based upon the sentencing judge's assessment of

the severity of the offense, the history and characteristics of the plaintiff and the potential

for harm to hundreds of innocent parties if the defendant were rendered incapable of

operating a struggling business that provided jobs, insurance, and benefits to hundreds of

families.

9.   As part of his consideration of the appropriate sentence, the judge also

considered the strong likelihood that plaintiff's business would not continue if the defendant were not allowed to participate in a work-release program that allowed him to continue to operate the business.

10.    The sentencing judge recognized that this outcome was not possible in a Federal Prison Camp (where work-release is not an option) and that the purposes of the sentence could only be effectuated by plaintiff's placement in a local Community Corrections Center.

11.    According to a BOP regulation, 28 CFR §§ 570.20 and 570.21, put into place on February 14, 2005, Plaintiff was not eligible for direct placement in a Community Corrections Center despite the strong judicial recommendation.

12.    On June 8, 2006, the U.S. Marshal's Service sent a Designation Letter to Plaintiff requiring him to report to the United States Penitentiary, Satellite Camp in Atlanta, Georgia on Friday, July 7, 2006 despite the strong judicial recommendation that he be assigned to a halfway house.

13.    After Judge Lazzara granted a stay in which to report, the U.S. Marshal's Service sent a second Designation Letter to Plaintiff requiring him to report to the United States Penitentiary, Satellite Camp in Atlanta, Georgia on Friday, August 31, 2006.

14.    The sole basis for the denial was a change in policy that was said to prevent plaintiff being designated directly to a Community Correctional Center as the court recommended was the BOP policy found in 28 CFR §§ 570.20 and 570.21. until he was within 10% of the end of his term of imprisonment. BOP policy invalid and require the BOP to consider in good faith whether to directly designate.

15.     BOP policy and the implementing regulations are invalid and have been held

invalid by nearly every court considering the issue. Plaintiff incorporates by reference

his Memorandum in Support of a Temporary Restraining Order filed contemporaneously

herewith.

16.     Plaintiff has written to the BOP and made requests of Nathan Patterson,

Correctional Service Department, BOP the Executive Director's Office of the BOP, the

BOP General Counsel and to the U.S. Department of Justice, Deputy Attorney General's

Office. All have refused plaintiff's request for a designation without reliance on the

invalid regulations.

17.     To the extent administrative remedies are available, plaintiff has sought to obtain

designation based on valid regulatory principles, all of which were denied. The sole basis

for the denial was the regulations that prevented plaintiff from going to a Community

Correctional Center until he was within 10% of the end of his term of imprisonment, not

because of an exercise of discretion by the BOP.

18.     Plaintiff has exhausted his administrative remedies to the extent they are

available. Since the Deputy Attorney General's Office is responsible for the creation of

the regulations relied on for plaintiff's designation, any further administrative appeal will

is futile.

19.     Plaintiff will suffer irreparable harm because of this new BOP policy.

20.     If this Court does not grant a declaratory judgment declaring that plaintiff's

designation to the Community Correctional Center in Tampa, Florida or some other

appropriate location as requested in Mr. Jasperson's request for was improperly denied,

4

he will be deprived of equal protection and due process of law and he will be irreparably harmed.

21.    A series of federal courts have granted declaratory declaratory judgments and injunctive relief on this issue such that the continued adherence to the BOP policy is without substantial justification, and entitles plaintiff to reimbursement for his attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. 2412.

## Count 2
### (Mandamus, 28 U.S.C. § 1631)

22.    Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 21 above and the Declaration he has submitted in support of his Motion for a Temporary Restraining Order, filed contemporaneously herewith.

23.    Plaintiff has a clear right to the relief requested, consideration of his designation to a halfway house without reliance on 28 CFR §§ 570.20 and 570.21, which has been denied solely on the basis of those regulations.

24.    It is clear that the new BOP regulations denying plaintiff the opportunity to be considered for a halfway house are invalid.  See Plaintiff's Memorandum in Support of A Temporary Restraining  Order filed herewith and incorporated by reference herein.

25.    Because his sentence will be completed or nearly completed and his business will likely be in bankruptcy by the time appeals within the BOP or other remedies are obtained, he will have suffered an irreparable loss for which no adequate remedy is available.

WHEREFORE, plaintiff requests that this Court

a)     issue a declaratory judgment declaring the BOP policy change and 28

CFR §§ 570.20 and 570.21 void and invalid and setting aside the designation of

plaintiff to FPC Atlanta; and

b)     b) issue an order directing the BOP to consider plaintiff's eligibility for

designation to a halfway house without relying on the new policy and regulations;

or, in the alternative,

c)     issue an order of mandamus requiring that the BOP consider plaintiff's

eligibility for designation to a halfway house without relying on the new policy

and regulations, and, with respect to either alternative order;

d)     grant plaintiff reimbursement of his attorney's fees and costs, and provide

such further relief as this Court deems just and equitable.

Respectfully submitted,

Brian W. Shaughnessy, DCN 89946
913 M  Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for the Plaintiff
Mark D. Jasperson

6