IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK D. JASPERSON
9824 Bay Island Drive
Tampa, FL  33615

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.,
Washington D.C.  20534,

and

HARLEY G. LAPPIN,
Director, Federal Bureau of Prisons,
320 First Street, N.W.,
Washington D.C.  20534,
sued in his official capacity,

    Defendants.

Case No. _____

**DECLARATION OF MARK D. JASPERSON IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER**

1.    I am Mark D. Jasperson, plaintiff in the above-captioned case.

2    On May 5, 2006, I was sentenced by Hon. Richard A. Lazzara to a term of four months imprisonment in Case No. 8:04-CR-285-T-26MAP following my plea of guilty to attempting to evade income taxes.  The Criminal Minutes reflect that Judge Lazzara "**strongly recommend**[ed] confinement at a local Community Sanctions Center so the defendant can continue to operate his business." (Emphasis in original).

3. I have received a designation from the U. S. Marshal's Service directing me to report to the Satellite Camp of the United States Penitentiary in Atlanta, Georgia on August 31, 2006 to commence service of my sentence.

4. I have examined the Exhibits 1-6 attached to my Declaration, the Complaint, and the Memorandum in Support of the Temporary Order. The factual assertions in those documents are true and correct to the best of my knowledge.

5. I am requesting this temporary restraining order to require the Bureau of Prisons to evaluate me for a halfway house on my history and characteristic and the judge's evaluation and recommendation and requiring that the BOP not rely on 28 CFR §§ 570.20 and 570.21 as they are invalid.

6. My sentence was imposed based upon the sentencing judge's assessment of the severity of the offense, my history and characteristics, and the likely harm to hundreds of innocent parties if the I were rendered incapable of operating a struggling business that provided jobs, insurance, and benefits to hundreds of families.

7. As part of his consideration of the appropriate sentence, the judge also considered the strong likelihood that my business would not continue if I were not allowed to participate in a work-release program that allowed me to continue to operate the business.

8. Because Westcoast Video, Inc. is a struggling video business that I am converting to DVD sales of DVDs and other products and I am constantly renegotiating leases and vendor contracts to maintain Westcoast in business, I am needed frequently on an emergency basis to handle business matter. I cannot continue to operate the business because these decisions must be made quickly, effectively and be negotiated as the

needed daily on an emergency basis to handle business matters that jeopardize our product supply, occupancy rights and cash flow needed to pay expenses and payroll.

9. I cannot allow the business to operate absentee because these decisions, often emergencies that arise immediately and require resolution within hours, must be made quickly and effectively without delay. I am informed that I am not permitted to operate a business from prison according to BOP rules. Therefore, I cannot perform my duties from prison and the business is very likely to fail in my absence, even for a brief period.

10. I have no remedy available to me other than to enjoin the application of 28 CFR §§ 570.20 and 570.21 or to obtain a writ of mandamus preventing their application.

11. Designation to a Community Sanctions Center in Tampa or in any other area close the businesses (such as Philadelphia, Boston, Northern New Jersey or the Sonoma County-Marin County-San Jose area of Northern California), as strongly recommended by the District Judge, would allow me to operate the business under a work-release program and avoid this serious and irreparable harm to innocent third parties.

12. A stay of the sentence reporting date, pending resolution of the issues raised, would avert the unnecessary and irreparable harm stated herein.

13. Such a stay would not prejudice the Bureau of Prisons in any way, as I am being monitored by the U.S. Probation Department's Pretrial Release Officers and I will not violate the conditions of the pretrial release order. I do not pose a threat of fleeing prior to ultimate service of my sentence.

14. If a stay or Temporary Restraining Order is not issued, the issue of the validity of this new and controversial BOP policy cannot be properly litigated, as it will become

moot due to the fact that my four month sentence will likely be completed prior to the disposition of my civil case.

Further Declarant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2006 in Tampa, Florida.

_____
MARK D. JASPERSON