IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARK D. JASPERSON
9824 Bay Island Drive
Tampa, FL 33615

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.,
Washington D.C. 20534,

and

HARLEY G. LAPPIN,
Director, Federal Bureau of Prisons,
320 First Street, N.W.,
Washington D.C. 20534,
sued in his official capacity,

    Defendants.

CASE NUMBER  1:06CV01488

JUDGE: Henry H. Kennedy

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/23/2006

## MOTION FOR A WRIT OF MANDAMUS

COMES NOW plaintiff Mark D. Jasperson, by and through counsel, and respectfully moves this Court to issue a Writ of Mandamus pursuant to 28 U.S.C. §1361 against defendant Lappin, and the Bureau of Prison employees. As grounds therefore, plaintiff relies on his Memorandum in Support of Motion for a Writ of Mandamus and he incorporates by reference his Memorandum in Support of a Temporary Restraining Order and plaintiff's Declaration of August 22, 2006, filed contemporaneously herewith.

Wherefore, plaintiff requests that a Writ of Mandamus be entered requiring defendant Lappin and the Bureau of Prisons, an agency of the United States government, to reconsider plaintiff's CCC placement in good faith in accordance with the standards employed by the Bureau of Prisons prior to December 2002 and without consideration of 28 CFR § 520.20 and 520.21, and that within ten calendar days of this Order or before plaintiff is required to report to the Bureau of Prisons, whichever is earlier, an affidavit be filed with this Court demonstrating compliance. Plaintiff requests that defendant be enjoined from requiring plaintiff to surrender to a BOP facility until this action is completed. Plaintiff requests that bond be waived or set in a <u>de minimus</u> amount.

Respectfully submitted,

*[signature]*

Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC 20001
(202) 842-1700

Attorney for the Plaintiff
Mark D. Jasperson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK D. JASPERSON<br>9824 Bay Island Drive<br>Tampa, FL 33615<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.,<br>Washington D.C. 20534,<br><br>and<br><br>HARLEY G. LAPPIN,<br>Director, Federal Bureau of Prisons,<br>320 First Street, N.W.,<br>Washington D.C. 20534,<br>sued in his official capacity,<br><br>    Defendants. | Case No. _____ |

## MEMORANDUM IN SUPPORT OF MOTION
## FOR A WRIT OF MANDAMUS

Plaintiff Mark D. Jasperson, by and through counsel, in support of his motion for a Writ of Mandamus requiring the defendant to consider his placement in a halfway house on or about August 31, 2006, without reliance on the Bureau of Prisons' new rule regarding such transfers, relies on the following points and authorities and his Memorandum in Support of Motion for Temporary Restraining Order and exhibits thereto and his Declaration filed contemporaneously herewith, and the entire record herein.

1.  A mandamus plaintiff must establish that

    (1) he or she has a clear right to the relief requested;

    (2) the defendant has a clear duty to perform the act in question; and

    (3) no other adequate remedy is available.

    See 28 U.S.C. §1361 and <u>Roche v. Evaporated Milk Ass'n</u>, 319 U.S. 21, 26, 63 S. Ct. 938, 941, 87 L. Ed. 1185 (1943). <u>But see</u> <u>Helstoski v. Meanor</u>, 442 U.S. 500, 505, 99 S. Ct. 2445, 2448, 61 L. Ed. 2d 30 (1979) (mandamus unavailable when alternative remedies exist); <u>Will v. United States</u>, 389 U.S. 90, 88 S. Ct. 269, 19 L. Ed. 2d 305 (narrow availability of mandamus in criminal proceedings).

2.  Plaintiff has a clear right to the relief requested, consideration of his designation to a halfway house without reliance on 28 CFR §§ 570.20 and 570.21, which has been denied solely on the basis of those regulations.

3.  It is clear that the new BOP regulations denying plaintiff the opportunity to be considered for a halfway house are invalid. See Plaintiff's Memorandum in Support of A Temporary Restraining Order filed herewith and incorporated by reference herein.

4.  Because his sentence will be completed or nearly completed and his business will likely be in bankruptcy by the time appeals within the BOP or other remedies are obtained, he will have suffered an irreparable loss for which no adequate remedy is available.

5.  If relief is not granted, it is likely that plaintiff's sentence will have been served before a Court can rule on the merits of plaintiff's complaint in this action and the Court, accordingly, will be deprived of jurisdiction over plaintiff's claim.

    WHEREFORE, plaintiff requests that this Court issue a Writ of Mandamus.

Respectfully submitted,

*Brian W. Shaughnessy*
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC 20001
(202) 842-1700

Attorney for the Plaintiff
Mark D. Jasperson