IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | **Case No. 1:06CV01488 (HHK)** |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF JURISDICTION**

COMES NOW, Plaintiff Mark D. Jasperson, by and through counsel, and replies to defendants' Memorandum of Law as follows.

1. Defendants claim that plaintiff must surrender and file a habeas in order to challenge BOP's lawless categorical designation policy, citing <u>Levine v. Apker</u>, 455 F.3d 78 (2d Cir. 2006). <u>Levine</u> does not state, support or stand for that proposition. <u>Levine</u> is one of the many cases constituting a uniform body of law, deliberately and willfully ignored by defendants, that declare the BOP regulations invalid. Injunctive relief was not sought by Levine because he was already in custody and habeas relief under § 2241 was available to him.

Although pre-surrender cases seeking injunctive relief are rare because seldom are recommendations for initial commitment to a halfway house made, injunctive relief[1] or

---

[1] Because plaintiff is not in the custody of the BOP he cannot file a habeas under § 2241 and if injunctive relief is not available, this Court should issue a writ of mandamus to require government compliance with the law. Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." <u>Northern States Power Co. v. U.S. Dep't of Energy</u>, 128 F.3d 754, 758 (D.C. Cir. 1997). Here, plaintiff is undoubtedly the beneficiary of § 3621 and has a clear right to relief, the requirement of designation without reliance on the invalid regulations is clear, indeed, undisputed, in the uniform case authority invalidating the regulations,

mandamus are the <u>only</u> vehicles designed for plaintiffs not in custody disputing their commitment under the invalid BOP regulations, and a number of cases have considered declaratory judgments and injunctions in this posture. See, e.g., <u>Byrd v. Moore</u>, 252 F. Supp. 2d 293 (W.D.N.C. 2005)(granting injunction) and <u>Ashkenazi v. Attorney General,</u> 246 F. Supp. 2d 1, (D.D.C. 2003) (granting injunction). Cf. <u>Tanner v. Federal Bureau of Prisons</u>, 433 F. Supp. 2d 117 (D.D.C. 2006) (accepting federal question jurisdiction of a claim for injunctive and declaratory relief by a prisoner, but denying injunction on merits).

2. Contrary to defendants' Memorandum, plaintiff does not seek placement in a halfway house as a protected liberty interest. Plaintiff seeks to compel the government to grant him due process by following well-established law and considering him for designation without relying on BOP's invalid regulations. Plaintiff also points out that 18 USC § 3621(b) controls placement of drug treatment offenders as well as non-drug treatment offenders such as plaintiff. If BOP has no discretion—as its regulations and the ill-advised 2002 OLC opinion letter contend—to designate plaintiff to a halfway house, BOP should be similarly barred from placing drug treatment offenders in halfway houses. However, because BOP's refusal to consider plaintiff for a halfway house pursuant to the requirements of § 3621 is clearly in violation of federal law, the Court need not reach that issue.

3. Defendants finally claim that because "there is no language in the statutes and regulations themselves that creates a private right of action," Defendants' Memo p. 6, the government is free to utilize invalid regulations to incarcerate plaintiff in violation of

---

and, if injunctive relief is not granted, plaintiff has no other adequate remedy, accordingly, a writ of mandamus should be issued.

§ 3621. This is not the law. See, e.g., Byrd and Ashkenazi, supra and Springdale Convalescent Center v. Mathews, 545 F. 2d 943 (5th Cir. 1977) (rejecting sovereign immunity defense for government official acting on invalid regulations, although no applicable provision for judicial review in statute).

Because there is undisputable jurisdiction in this Court, plaintiff's likelihood of success on the merits is overwhelming and not even contested by defendants, and there is indisputably irreparable harm to plaintiff and many others if plaintiff is required to surrender to the BOP in Atlanta, as well as a public benefit to granting relief, plaintiff requests that defendants be immediately enjoined—before plaintiff's surrender date, presently set for August 31-- from applying their regulations categorically prohibiting the BOP from considering plaintiff for designation without consideration of the invalid regulations.

WHEREFORE, plaintiff requests that injunctive relief be entered or a writ of mandamus be issued requiring defendant Lappin and the Bureau of Prisons to reconsider plaintiff's CCC placement in good faith in accordance with the standards employed by the Bureau of Prisons prior to December 2002 and without consideration of 28 CFR § 520.20 and 520.21.

Respectfully submitted,

_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for the Plaintiff

Mark D. Jasperson

Case 1:06-cv-01488-HHK    Document 10    Filed 08/29/2006    Page 4 of 4