IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | Case No. 1:06CV01488 (HHK) |

### PLAINTIFF'S MOTION TO STAY OR CONTINUE REPORTING DATE

COMES NOW, Plaintiff Mark D. Jasperson, by and through counsel, and moves this Court to stay or continue his reporting date from August 31, 2006 until such time as Jasperson's Motion for a Temporary Restraining Order or Mandamus can be heard and determined.

1.  The Motion for a Temporary Restraining Order or Mandamus challenges the actions of the Federal Bureau of Prison in designating Jasperson's place of confinement as the Satellite Camp of the United States Penitentiary in Atlanta, Georgia, and relies on decisions by the Courts of Appeal for the Second, Third and Eighth Circuits holding that the pertinent Bureau of Prisons regulations precluding direct designations and limiting the period during which an inmate may be confined in a Community Corrections Center to the last 10% of the sentence are invalid and contrary to the governing statutes. Plaintiff incorporates by reference herein his Memorandum in Support of Motion for a Temporary Restraining Order or Mandamus and his Declaration.

2.      Plaintiff filed his complaint seeking declaratory and injunctive relief or mandamus on August 23, 2006.  The case was initially assigned to District Judge Kennedy, who at the time was out of town, so the Motion for a Temporary Restraining Order was assigned for hearing to District Judge Walton.  Judge Walton conducted a hearing on August 25, but because of concerns about the court's jurisdiction under 28 USC § 1331, directed the parties to file memoranda on jurisdiction by noon on August 28, 2006 when the case would be referred back to Judge Kennedy.

3.      Opposing memoranda have been filed and the case is under consideration by Judge Kennedy.

4.      Because there is undisputable jurisdiction in this Court, plaintiff's likelihood of success on the merits is overwhelming and not even contested by defendants, and there is indisputably irreparable harm to plaintiff and many others if plaintiff is required to surrender to the BOP in Atlanta, plaintiff believes there is a substantial likelihood that this Court, as have all courts considering the matter (aside from a few district courts overruled by their respective courts of appeals), will declare the regulations invalid and require the BOP to consider plaintiff's designation under 18 USC § 3621, the controlling statute.  Although there is no assurance that the BOP will designate plaintiff to a halfway house, it is counsel's view based on research and experience that when such orders have been entered, the professional employees of the BOP, when acting in good faith, will designate persons such as plaintiff to a halfway house.  See e.g., Combs, v. Attorney General, 260 F. Supp. 2d 53 (D.D.C.2003) (Combs designated to halfway house over four months later).

5. Because there is a reasonable high likelihood of success on the merits, and significant, indeed catastrophic irreparable harm if plaintiff is required to report to FPC Atlanta, a short stay until a full and complete decision can be made in this matter is warranted. Although the BOP opposes such a stay there can be no harm to the government from a short stay. Indeed, defendants should welcome a stay for this Court to render a decision so that if defendants can prevail upon this Court to deny relief, the Department of Justice will have one decision in its favor to counter the nearly one hundred decisions invalidating the regulations.

6. In addition to the litigation reasons set forth above, plaintiff lives near the shore at Tampa Bay, which is directly in the path of Hurricane Ernesto scheduled to strike tonight. If he is required to travel at this time, he will be following the direct path of the Hurricane all the way from his home to Georgia and be placed in harm's way. If he must report to Atlanta before noon on Thursday. August 31, he must try to ready his affairs and those of the 50 location video chain he owns and operates. He must sign papers to prepare to close locations and to discharge employees. He must put his family affairs in order because he is the primary caregiver to his two daughters, who are fifteen months old and three years old.

7. In addition, on today's date at 2:35 PM, plaintiff reached Ms. Mowry, the Case Management Coordinator for the prison camp in Atlanta, Georgia. Ms. Mowry asked plaintiff to provide her with his Registration Number for reference. She was able to locate plaintiff's name and s name and pertinent information; however, she was surprised that plaintiff's file was not at the camp. She advised plaintiff that, if an inmate's file is not at the camp, they will be required to report to the medium security facility "behind

the wall" with violent offenders and higher risk inmates and that it could take quite some time to move the inmate to the camp where he was designated.

7. The Court in <u>Combs</u>, <u>supra</u>, although transferring the action, granted a month stay for Combs to litigate his cause further. Plaintiff here requests a one-month stay or a stay until one week after a final decision in this matter.

8. Defendant further states that, unless this Court grants the requested stay or continuance, the issues raised in his complaint will likely be mooted in that he will likely have fully served his sentence before the issues raised can be determined.

9. Plaintiff's counsel certifies that he has spoken with AUSA Charlotte Abel, who opposes this motion to stay.

WHEREFORE, plaintiff requests that injunctive relief be entered or a writ of mandamus be issued requiring defendant Lappin and the Bureau of Prisons to reconsider plaintiff's CCC placement in good faith in accordance with the standards employed by the Bureau of Prisons prior to December 2002 and without consideration of 28 CFR § 520.20 and 520.21.

Respectfully submitted,

_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for the Plaintiff
Mark D. Jasperson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | **Case No. 1:06CV01488 (HHK)** |

## **ORDER**

Upon consideration of plaintiff's Motion for a Stay, defendants opposition thereto and the entire record, it is hereby

ORDERED, this ___ day of August 2006, that defendants' Motion for a Stay of his reporting date to the Bureau of Prisons is GRANTED, and it is further

ORDERED that plaintiff's reporting date is extended until September 30,2006.

_____
JUDGE