# WLG     Winkles Law Group, P.A.

B. Frank Winkles, J.D.
Claude H. Tison, Jr., J.D., LLM
Gary S. Weisman, J.D.

M. Catherine Ramey, MPH, CHES
Barb Stebenson, ERISA Case Manager

June 16, 2006

*Fed Express 6/16/06*
*Tracking # 857 5333-1270*

Ray Holt, Southeastern Regional Director
U. S. Bureau of Prisons
Southeastern Regional Office
3800 Camp Ck. Pkwy. SW
Building 200
Atlanta, Georgia 30331

    Re:    Designation for Mark D. Jasperson, Reg. No. 42171-018

Dear Mr. Holt:

    Enclosed are copies of the commitment order for Mr. Jasperson and of designation directing him to report to the Satellite Camp, USP Atlanta before 12:00 n on July 7, 2006 to begin service of the confinement portion of his sentence.

    As you can see from the commitment order, the District Judge was concer about the well-being of the 350 to 400 employees of Mr. Jasperson's business and high probability that the company, which is in a precarious condition and depends hea on Mr. Jasperson's personal activities to continue in operation, will fail if he is una even for a relatively short time, to be actively involved in the conduct and manageme its affairs. If it goes out of business, 400 families will lose their income, health insura disability insurance, and life insurance. It was for that reason that the District C "strongly recommend[ed]" (emphasis in original) that Mr. Jasperson serve confinement portion of his sentence in a local Community Sanctions Center so th might continue to operate the business while confined.

    The purpose of this letter is to request that you reconsider Mr. Jasper 's designation to the Atlanta USP Satellite Camp and, instead, designate him or confinement in a local Community Sanctions Center in the Tampa area. It shou be pointed out that the District Court's strong recommendation for local confinemen as not based on Mr. Jasperson's personal interests but on the interests of the ny employees of his company whose lives will be disrupted if he is placed in a facility om which he cannot continue to see to the ongoing and pressing needs of the business ar he employees who depend on it for their livelihood.

707 North Franklin Street, 2nd Floor, Tampa Theatre Building, Tampa, Florida 336
Telephone: (813) 226-3080 / Facsimile: (813) 226-3128
info@winkleslaw.com



Ex 8

Letter to Bureau of Prisons
June 16, 2006
Page 2

I recognize that the Bureau of Prisons declines to follow the decisions in *Fults v. Sand* 442 F.3d 1088 (8th Cir. 2006) and *Woodall v. Federal Bureau of Prisons*, 432 F.3d (3rd Cir. 2005) except within the respective jurisdictions of those two courts. However, the unusual circumstances of this case, the large number of employees who are dependent on Mr. Jasperson's availability for their livelihood, and the high probability that his absence, even for four months, will result in the failure of the company, warrant a departure from the Bureau's standard policy of not acquiescing in District Court recommendations for initial placement in community sanctions centers.

Because of these factors, I earnestly request that you exercise your discretion in this case to re-designate Mr. Jasperson to be confined in a Community Sanctions Center in the Tampa area, so that he may continue his efforts to keep his business alive and protect the jobs of the many employees who are dependent on his efforts. I further request, because of the imminence of his reporting date, that you give expedited consideration to this request.

In the event you should be favorably disposed to redesignating Mr. Jasperson to a Community Sanctions Center but determine that there is no space available in Tampa, I would ask that you consider redesignating him to a Center in or near one of the other locations at which his company maintains offices. These locations are Orlando, Florida; Philadelphia, Pennsylvania; Boston, Massachusetts; northern New Jersey; and the Sonoma-Marin County, California area.

With kind regards, I am

Sincerely yours,

D. FRANK WINKLES

DFW/jlg
Enclosures as noted

Case 8:04-cr-00285-RAL-MAP   Document 130   Filed 05/05/2006   Page 1 of 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Case No.: __8:04-cr-285-T-26MAP__   Date: __5/5/06__

U.S.A. vs. __Mark D. Jasperson__

Honorable __RICHARD A. LAZZARA__   Interpreter:_____
Court                              Courtroom
Reporter: __Claudia Spangler-Fry__   Deputy: __Rita J. Cole__
Attorney(s) for Government:        Attorney(s) for Defendant:

__Robert Mosakowski__              __D. Frank Winkles__

Time: __9:16 - 9:35 = .19__

### CRIMINAL MINUTES - SENTENCING REFORM ACT SENTENCING

__X__ Plea agreement is ratified & accepted.  __X__ Defendant sworn. P.O. __Terry Heat'__

__X__ Defendant is adjudged guilty on count __Two of the Indictment__

__X__ Count(s) __1 & 3 of the original indictment__ are dismissed upon motion by the government.

__X__ Imprisonment: __4 Months__

__X__ The Court **strongly recommends** confinement: __at a local Community Sanctions__ enter
     __so the defendant can continue to operate his business.__
   ( ) Defendant to reside at a Community Sanctions Center.
   ( ) Defendant to participate in and receive drug and alcohol treatment & rehabilitation while incarcerated.
   ( ) Defendant participate in the 500 Hour Intensive Drug Program.

__X__ Supervised Release: __3 Years. At the end of 2 successful years of supervised release,__
     __the Court will consider early termination.__

___ Probation: _____

__X__ Fine: __$5,000.00__ (X) Yes to be paid by Monday, May 8, 2006.

___ Restitution: _____   See Criminal Monetary Penalties - Page f
                                   Judgment for details.
__X__ Special Assessment: $ __100.00__   As to Count __Two of the Indictment__