UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK D. JASPERSON,

    Petitioner,

v.                                        CASE NO: 8:06-cv-1197-T-26TBM

FEDERAL BUREAU OF PRISONS,
et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and supporting Memorandum of Law (Dkt. 1) and Respondents' Response (Dkt. 12). After careful consideration of the parties' submissions, the Court is of the opinion that the Petition is due to be dismissed but without prejudice to being refiled once Petitioner has entered the custody of the Bureau of Prisons (BOP).

On May 5, 2006, this Court sentenced Petitioner in the underlying criminal proceeding to a term of imprisonment of four months to be followed by a term of supervised release of three years with a special condition that he participate in the home detention program for a period of four months.[1] At time of sentencing and in the criminal judgment, the Court strongly recommended to the Bureau of Prisons that defendant be

---

[1] See case number 8:04-cr-285-T-26MAP, docket 133.

housed at a local Community Sanctions Center so he can continue to operate his business.[2] On May 10, 2006, Petitioner, after learning from the United States Probation Office that the BOP no longer designates a prisoner's initial confinement at a Community Sanctions Center, filed a Motion for Resentencing which the Court denied the next day.[3] On June 29, 2006, Petitioner, after the BOP designated his place of confinement at the Satellite Camp of the United States Penitentiary in Atlanta, Georgia, filed a Motion to Stay or Continue Reporting Date pending the disposition of the Petition filed in this case the day before.[4] Because the Government took no position on the motion, the Court granted it.[5] The Court also simultaneously entered an order in this case directing a response from Respondents. See docket 7.

Petitioner questions the validity of the BOP's newly revised policy embodied in 28 CFR §§ 570.20 and 570.21 denying eligibility to a federal prisoner for direct placement in a Community Corrections Center. As noted in the Court's order directing Respondents to respond to the Petition, the BOP adopted this revised policy in response to the decisions of two circuit courts of appeals: Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004) and Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004). As further explained in that order, two circuit courts of appeals, as well as numerous district courts, have since invalidated the

---

[2] See id., dockets 130 & 133.

[3] See id., dockets 136 and 138.

[4] See id., docket 145.

[5] See id., docket 146.

revised rules. See Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 n.9&10 (3rd Cir. 2005) (collecting district court opinions invalidating and validating new regulations).[6] Relying on this out-of-circuit precedent, Petitioner urges this Court to enjoin the execution of his sentence and direct that the BOP reconsider the place of his designation, after taking into account the statutory factors enumerated in 18 U.S.C. § 3621(b) and this Court's strong recommendation that Petitioner be confined at a local facility.

Respondents contend in part that because Petitioner has yet to be committed to the custody of the BOP, his Petition should be dismissed for lack of jurisdiction. They likewise cite out-of-circuit precedent in support of their position: United States v. Arthur, 367 F.3d 119 (2nd Cir. 2004). As in this case, Arthur, prior to surrendering to the BOP, challenged the validity of the BOP's rules which prohibited the initial designation of federal prisoners to community corrections centers. As in this case, Arthur sought an order directing the BOP to reconsider his place of confinement. On appeal of the district court's denial of relief, the Second Circuit determined that because Arthur had not surrendered to the BOP and that agency was thus not before it, the best course of judicial action would be to dismiss the appeal and direct the district court to schedule a new surrender date, following which Arthur could file a habeas petition under § 2241 should

---

[6] The Court notes that since the entry of that order another circuit court of appeals has likewise invalidated the revised regulations. See Levine v. Apker, 2006 WL 1901020 (2nd Cir. July 10, 2006).

he not be designated for confinement in a community corrections center. 367 F. 3d at 122-123.[7]

The Court determines that Arthur's approach is jurisprudentially sound because it recognizes the futility of entering an order which may well turn out to be pointless. That is, should this Court enter the order Petitioner requests, and should the BOP nevertheless adhere "to its previously expressed intention to send [Petitioner] to federal prison, it is likely that [Petitioner] would conclude that this decision was not made in good faith, which would likely lead him to relaunch his challenge to BOP's policy." 367 F. 3d at 123. Consequently, the Court, finding the reasoning of Arthur persuasive, will dismiss the Petition without prejudice and schedule a new reporting date in the underlying criminal proceeding.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** as follows:

1) The Petition for Writ of Habeas Corpus is dismissed without prejudice to being refiled once Petitioner has entered the custody of the Bureau of Prisons.[8]

---

[7] The court also noted that although Arthur would normally have to exhaust his administrative remedies with the BOP, some courts had waived that requirement under the futility doctrine "in light of the BOP's determined adherence to enforcing the policy." 367 F. 3d at 123, n.1 (citations omitted).

[8] Petitioner and counsel are reminded that any subsequent petition for writ of habeas corpus filed under the auspices of 28 U.S.C. § 2241 must be filed in the district court for the district in which Petitioner is incarcerated. See Fernandez v. United States, 941 F. 2d 1488, 1495 (11th Cir. 1991) (observing that "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

2) The Clerk is directed to enter judgment for respondents and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 7, 2006.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record