UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:04-cr-285-T-26MAP

MARK D. JASPERSON,
THERESA M. STILLWELL JASPERSON,
JAY L. JASPERSON, and
LEONARD D. JONES, JR.
_____/

## ORDER

Before the Court is Defendant's motion to stay or continue reporting date. According to Defendant's counsel, the Government takes no position on this motion. Consequently, the Court will resolve the motion without the necessity of awaiting a response from the Government.

Defendant has been directed by the United States Marshal Service to report to the satellite camp facility at USP Atlanta prior to 12 noon on July 7, 2006, to commence serving the four month sentence imposed by this Court. Defendant, through counsel, is requesting that his reporting date be stayed or continued pending resolution of a petition for habeas corpus he has just filed pursuant to 28 U.S.C. § 2241 in case number 8:06-cv-1197-T-26TBM.[1]

After careful consideration of that petition, the Court is of the opinion that it presents serious and substantial questions regarding the validity of the Bureau of Prisons' newly revised policy embodied in 28 C.F.R. §§ 570.20 and 570.21 governing the placement of a federal inmate

---

[1] This case was originally assigned to the Honorable Steven D. Merryday. Judge Merryday later transferred the case to the undersigned in accord with Local Rules 1.03(d) and 1.04(a). See case number 8:06-cv-1197-T-26TBM, docket 5.



Ex. 10

in a Community Correction Center.[2] Indeed, two circuit courts of appeals, as well as numerous district courts, have invalidated the revised rules. See Fults v. Sanders, 442 F. 3d 1088 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 244 n. 9 & 10 (3rd Cir. 2005) (collecting district court opinions invalidating and validating new regulations). The Eleventh Circuit has yet to weigh in on this issue.

Accordingly, given the substantial issues raised by Defendant's petition for writ of habeas corpus and the need to address these issues in a orderly and deliberative manner, and in light of the fact that Defendant poses no danger to the community, it is ordered and adjudged as follows:

1) Defendant's Motion to Stay or Continue Reporting Date (Dkt. 145) is granted.

2) Defendant's reporting date to commence serving his sentence in this case is stayed until further order of this Court.

3) The Defendant shall continue to abide by the terms of pretrial release as provided for in the order entered July 29, 2004. See docket 4.

**DONE AND ORDERED** at Tampa, Florida, on June 30, 2006.

                                                s/Richard A. Lazzara
                                                **RICHARD A. LAZZARA**
                                                **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
U.S. Marshal

---

[2] The Bureau of Prisons adopted this revised policy in response to the decisions of two circuit courts of appeals: Goldings v. Winn, 383 F. 3d 17 (1st Cir. 2004) and Elwood v. Jeter, 386 F. 3d 842 (8th Cir. 2004). See Fults v. Sanders, 442 F. 3d 1088, 1089-90 (8th Cir. 2006).