**Cases on point from December 2006 through February 2007**

This is a summary of the cases decided from November 2006 through February 2007. It does not include the substantial number of cases previously reported  Also, since the Second, Third and Eighth Circuits have ruled that the BOP regulations invalid, a substantial number of cases from District Courts in those Circuits has been omitted from this summary.

The most significant development since the appeal is the decision of the Tenth Circuit to follow the decisions and reasoning of the Second, Third and Eighth Circuits. In *Wedelstedt v. Riley, 2007 U.S. App. LEXIS 3701 (10th Cir. 2007)*, the Tenth Circuit invalidated the BOP regulations and ruled against the BOP to settle the law in that Circuit as well.

It has also been reported that a First Circuit District Court decision has been appealed and that briefs are now scheduled.  In *Muniz v. Winn, 462 F. Supp. 2d 175; 2006 U.S. Dist. LEXIS 84615 (D. Mass. 2006)*, the government has appealed a decision of the District Court invalidating its regulations.  The only known case siding with the BOP in the First Circuit District Courts is *Bullock v. Winn, 06-CA-40147-FDS (D. Mass. Nov. 8, 2006)*.  In the meantime, a number of additional decisions have been entered by First Circuit District Courts all of which have invalidated the BOP regulations.  *Perez v. Winn, 457 F. Supp. 2d 109; 2006 U.S. Dist. LEXIS 77859 (D. Mass. 2006); Tahalajain v. Winn, 2006 U.S. Dist. LEXIS 94559 (D. Mass. 2006); Donnell v. Winn, 2006 U.S. Dist. LEXIS 94557 (D. Mass. 2006); Dembling v. Sabol, 2006 U.S. Dist. LEXIS 94557(D. Mass. 2006); Perez v. Winn, 465 F. Supp. 2d 87; 2006 U.S. Dist. LEXIS 91734 (D. Mass. 2006); Leja v. Sabol, 2007 U.S. Dist. LEXIS 15800 (D. Mass. 2007)*.  It appears that all of the remaining District Court Judges in the First Circuit who have ruled on the issue have invalidated the BOP regulations.  It should be noted that the First Circuit was the first to invalidate the BOP's prior (and substantially identical) regulations in *Goldings v. Winn (citation omitted) (1st Cir. 2002)*.

Furthermore, it appears clear that the BOP has made a conscious decision not to appeal decisions of the District Courts in the Ninth Circuit. On an almost daily basis, cases flow in from District Courts in the Ninth Circuit that uniformly and consistently invalidate the BOP regulations. The following represents only a handful of these decisions. *Padilla v. Wrigley, 2007 U.S. Dist. LEXIS 4037 (E.D. Ca. 2007); Close v. Smith, 2006 U.S. Dist. LEXIS 94102 (E.D. Ca. 2006); Richter v. Smith, 2007 U.S. Dist. LEXIS 8753 (E.D. Ca. 2007); Chanes v. Wrigley, 2007 U.S. Dist. LEXIS 9491 (E.D. Ca. 2007); Quilon v. Wrigley, 2007 U.S. Dist. LEXIS 9500 (E.D. Ca. 2007); Ernest v. Smith, 2007 U.S. Dist. LEXIS 10641 (E.D. Ca. 2007); Pipher v. Wrigley, 2007 U.S. Dist. LEXIS 10658 (E.D. Ca. 2007); Garcia v. Wrigley, 2007 U.S. Dist. LEXIS 10658 (E.D. Ca. 2007); Cain v. Smith, 2006 U.S. Dist. LEXIS 94089 (E.D. Ca. 2006); Brown v. Smith, 2006 U.S. Dist. LEXIS 94402 (E.D. Ca. 2006); Pankratz v. Palmquist, 2007 U.S. Dist. LEXIS 7756 (W.D. Wa. 2007); Thomas v. Smith, 2007 U.S. Dist. LEXIS 8814 (E. D. Ca. 2007); Salas v. Wrigley, 2007 U.S. Dist. LEXIS 9499 (E.D. Ca. 2007); Deanda v. Wrigley, 2007 U.S. Dist. LEXIS 10637 (E.D. Ca. 2007); Lopez-Benjamin v. Wrigley, 2007 U.S. Dist. LEXIS 10654 (E.D. Ca. 2007); Pui v. Smith, 2007 U.S. Dist. LEXIS 10659 (E.D. Ca. 2007); Rodriguez v. Smith, 2007 U.S. Dist. LEXIS 10659 (E.D. Ca. 2007); Gullion v. Wrigley, 2007 U.S. Dist. LEXIS 15258 (E.D. Ca. 2007); Zuniga v. Wrigley, 2007 U.S. Dist. LEXIS 15248 (E.D. Ca. 2007); Salas v. Wrigley, 2007 U.S. Dist. LEXIS 17758 (E.D. Ca. 2007); Quilon v. Wrigley, 2007 U.S. Dist. LEXIS 17749 (E.D. Ca. 2007), Chanes v. Wrigley, 2007 U.S. Dist. Lexis 17943 (E.D. Ca. 2007). Gear v. Wrigley, 2007 U.S. Dist. LEXIS 22897 (E.D. Ca. 2007); Magana v. Smith, 2007 U.S. Dist. LEXIS 20074 (E. D. Ca. 2007); Colvin v. Wrigley, 2007 U.S. Dist. LEXIS 20366 (E.D. Ca. 2007); Delacruz v. Wrigley, 2007 U.S. Dist. LEXIS 26549 (E.D. Cal. Apr. 9, 2007); Delacruz v. Wrigley, 2007 U.S. Dist. LEXIS 26549 (E.D. Cal. Apr. 9, 2007); Hailassie v. Fed. Bureau of Prisons, 2007 U.S. Dist. LEXIS 26502 (E.D. Cal. Apr. 9, 2007); Strickstein v. Wrigley, 2007 U.S. Dist. LEXIS 26501 (E.D. Cal. Apr. 9, 2007); Esqueda v. Wrigley, 2007 U.S. Dist. LEXIS 26499 (E.D. Cal. Apr. 9, 2007); Beard v. Wrigley, 2007 U.S. Dist. LEXIS 26497 (E.D. Cal. Apr. 9, 2007); Gear v. Wrigley, 2007 U.S. Dist. LEXIS 22897 (E.D. Cal. Mar. 28, 2007).*

In addition to these cases, there are a numerous and growing group of petitions that are denied as moot due because the BOP simply decided to redesignate the petitioner to a CCC after receiving service of the petition rather than litigate the matter. *(Numerous citations omitted).* As a result of the foregoing, it appears that the BOP has simply "thrown in the towel" in the Ninth Circuit.

Finally, a District Court case has been decided from the Fifth Circuit invalidating the BOP rules similarly to the rest of the sited cases. *Mihailovivh v. Berkebile, 2007 U.S. Dist. LEXIS 22361 (N.D. Tx. 2007).*