UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK D. JASPERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Civil Action 06-01488 (HHK) |

**ORDER**

Before the court is plaintiff's motion to file an opposition to defendants' motion for reconsideration [#43] out of time.

Prior to this motion, plaintiff's counsel filed eight motions for extensions of time by which to file an opposition. In the first of these motions [#33], counsel claimed that he sought consent from defendants' counsel on the afternoon of the filing "but [was] unable to contact her." Consent was obtained for the second filing [#34]. In the motions for extensions filed thereafter, the following representations were made about counsel's efforts to obtain consent and regarding the reasons for the motions:

[#35]: Counsel called defendants' counsel but did not hear back, and "needs a two day extension to complete his Opposition and have it reviewed by plaintiff in Florida."

[#36]: Counsel "tried to get defendant's counsel's consent, but she was out of the office this afternoon" and "had expected to complete his Opposition by today, but was unable to get the client's comments" and therefore "counsel needs another, and hopfully [sic] last two day extension to complete his Opposition and have it reviewed by plaintiff in Florida."

[#37]: Counsel again "tried to get defendant's counsel's consent, but she was out of the office this afternoon." Counsel stated that "Plaintiff was unable to complete his Opposition today. Plaintiff's counsel needs another two day extension to complete his Opposition and have it reviewed by plaintiff in Florida. Plaintiff will ask for no more extensions."

[#40]: Notwithstanding the foregoing representation, counsel filed another motion for an extension, stating that he "was unable to get consent from defendant's counsel although two calls were made," and that "Plaintiff has nearly completed the Opposition but was required to be out of town for the weekend. Because he needs further input from appellant, counsel needs until April 25, 2007 within which to file the Opposition." The court granted this motion but noted in its order that "Counsel for Mr. Jasperson should not expect the court to grant another motion to extend time within which to file an opposition to the motion for reconsideration."

[#41]: Notwithstanding the court's order (and counsel's prior representations), counsel filed another motion, stating that "Plaintiff had the Opposition nearly complete but has revised it. Two urgent matters came up that

detracted from the time to prepare. Plaintiff's counsel needs a two day extension to complete his Opposition." As to consent, counsel stated that "was unable to get consent from defendant's counsel's consent because the need for the extension occurred after hours." Counsel made no mention of any efforts to obtain his counterpart's consent.

The court denied this motion without prejudice and ordered that:

> [a]ny future motion seeking an extension of time to file an opposition or to file an opposition shall explain (1) why counsel filed the instant motion even after this court, in connection with the next most recent motion for an extension of time (#40), indicated that "Counsel for Mr. Jasperson should not expect the court to grant another motion to extend the time within which to file an opposition to the motion for reconsideration" and (2) the efforts Jasperson's counsel made to obtain defendant's counsel['s] position on the matter. Any future motion shall be filed by no later than 12:00 noon April, 28, 2007.

Notwithstanding this order, plaintiff filed the present motion to file out of time, stating that "Plaintiff had the Opposition nearly complete but a number of urgent matters came up that detracted from the time to prepare" such that "counsel was unable to get the Opposition done earlier." No effort was made to respond to the court's minute order and the explicit instructions therein requiring such a response.

Accordingly, it is this 30th day of April, 2007, hereby

**ORDERED** that the present motion [#43] is denied without prejudice; and it is further

**ORDERED** that any future motion by plaintiff to file an opposition to defendants' motion for reconsideration out of time shall be filed by no later than May 3, 2007; and it is further

**ORDERED** that any future motion by plaintiff to file an opposition to defendants' motion for reconsideration out of time shall comply with the court's April, 27, 2007 minute order which required his counsel to explain (1) why counsel filed his last motion for an extension [#41] even after the court indicated that counsel "should not expect the court to grant another motion to extend the time within which to file an opposition," and (2) the efforts Jasperson's counsel made to obtain defendants' counsel's position on the matter; and it is further

**ORDERED** that any such motion shall also explain (1) why counsel has filed the present motion without reciting counsel's efforts to obtain consent for the filing of this motion; (2) the efforts, if any, counsel made to obtain this consent and the response thereto, if any, by his counterpart; and (3) why counsel failed to comply with this court's April 27, 2007, minute order which required him to make certain explanations; and it is further

**ORDERED** that to the extent that counsel's explanation for his failure to comply with local rules and with either of the court's most recent minute orders involves some urgent matters which prevented compliance, counsel should indicate specifically and in detail what those urgent matters were, as well as (again in detail and with specificity) whether the matters preventing compliance with the

April 27, 2007, minute order were related to or the same as the urgent matters mentioned in plaintiff's motion filed on April 25, 2007; and it is further

**ORDERED** that counsel for plaintiff shall provide a copy of this order to his client, Mark Jasperson, and shall, by no later May 3, 2007, certify to the court that the order was *received* by Mr. Jasperson. This requirement is warranted because the Mr. Jasperson should be fully aware that his attorney's failure to comply with rules and orders of the court may prejudice his (Jasperson's) position on the merits. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) (affirming dismissal of a case where counsel failed to appear at a pretrial conference).

        Henry H. Kennedy, Jr.
        United States District Judge