IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>　　**Plaintiff,**<br><br>　　　v.<br><br>**FEDERAL BUREAU OF PRISONS,**<br>**et, al.,**<br><br>　　**Defendants.** | Case No. 1:06CV01488 (HHK) |

**MOTION TO FILE OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION OUT OF TIME**

COMES NOW, plaintiff Mark D. Jasperson, by and through counsel, and moves this Court for leave to file his Opposition to Defendant's Motion to Dismiss out of time for the following reasons:

1.　Plaintiff's Opposition to defendant's Motion to Dismiss was due to be filed on April 25, 2007.

2.　Plaintiff was unable to complete his Opposition until April 28, 2007.

3.　Plaintiff's counsel was ordered by the Court to respond to a series of questions. The responses are as follows:

　　a)　Counsel filed his last motion for an extension after the court indicated he should not "expect the court to grant another motion to extend" because he wanted his client's opposition to the government's second Motion for Reconsideration to be known and he hoped the court would grant the extension. Counsel was unable to get the Opposition together earlier. That is, counsel had great difficulty writing the Opposition which was the underlying reason for the

series of requests for an extension. Had he expected to have such difficulty, he would have asked for a longer extension all at one time, but he thought he could get it done with a shorter extension.

b) Although earlier efforts were made to get consent to extensions—as counsel had liberally granted the government—no effort was made on April 25 because the Motion was filed at 10: 30 pm, well after normal working hours and counsel did not think government counsel would still be at her office.

4. a) Counsel filed the present [April 28] motion without reciting efforts to obtain consent of opposing counsel because he understood he was under an order to file the Opposition by noon on Saturday, April 28, 2007. Counsel prepared the Motion for Leave to File and the Opposition at 11:58 am, April 28 at which time he did not think government counsel would be available for consent.

b) No attempt was made to get this consent because counsel did not think government counsel would be available.

c) The court's April 27 order reads impertinent part: "Any future motion seeking an extension of time to file an opposition or to file an opposition shall explain Counsel shall explain (1) why counsel filed the instant motion even after this court, in connection with the next most recent motion for an extension of time (#40), indicated that "Counsel for Mr. Jasperson should not expect the court to grant another motion to extend the time within which to file an opposition to the motion for reconsideration" and (2) the efforts Jasperson's

counsel made to obtain defendant's counsel position on the matter. Any future motion shall be filed by no later than 12:00 noon April 28, 2007."

The substantive explanations are set forth in ¶¶ 3a and 3b above. However, the central question is why counsel failed to provide the explanations in his April 28 Motion for Leave to File the Opposition. Counsel saw the order, which set the Saturday noon deadline, sometime on April 27. Counsel was so concerned about complying with the deadline that he focused on getting the Opposition and Motion filed. After learning of the Saturday noon deadline, counsel did not look at the order again. Counsel had no intention of flouting the court's order, but was so pressed for time that he did not recall the other provisions of the order.

5. The urgent matters referenced in the Motion to File Out of Time dated April 28, 2007, are the same matters raised in the April 25, 2007. They were a broken pipe in my house on April 24 and visit by a client who came in from Ohio on April 25. I had scheduled the visit about ten days earlier thinking that the Jasperson Opposition would be long completed. I cut short that client's visit, but I did not have time to complete the Opposition.

6. I certify that I have provided a copy of the Court's order to my client Mark Jasperson and discussed it with him. He has also filed an Opposition to the Motion to Dismiss.

7. Counsel suggests that there has been no prejudice to the government's position. Indeed, the Motion for Reconsideration probably should not be permitted because it is not in compliance with Rule 12(b) requiring it to be filed before an Answer

and Rule 60(b)(6), which, when read in pari materia, requires a mistake to justify such filing.

WHEREFORE, plaintiff requests that his Opposition to the government's Motion for Reconsideration be accepted for filing.

Respectfully submitted,

_____/s/_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for the Plaintiff
Mark D. Jasperson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of May 2007, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to AUSA Charlene Abel, 555 Fourth Street, NW, Washington, DC  20001.

_____/s/_____
Brian W. Shaughnessy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS,**<br>**et, al.,**<br><br>**Defendants.** | Case No. 1:06CV01488 (HHK) |

## ORDER

Upon consideration of plaintiff Mark D. Jasperson's Motion To File Opposition To Defendant's Motion For Reconsideration Out Of Time, and the entire record, it is hereby

ORDERED, this ___ day of May 2007, that plaintiff's Motion to File Opposition to defendants' Motion for Reconsideration is GRANTED.

_____
**JUDGE**