IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK D. JASPERSON<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>et al.,<br><br>Defendants. | Case No. 1-06CV01488 (HHK) |

**MOTION FOR RELIEF AND MEMORANDUM IN SUPPPORT**

Plaintiff Mark D. Jasperson, acting *pro se*, hereby files this Motion for Relief and Memorandum in Support and, as grounds therefore, states the following:

1. As the Plaintiff in the above-styled cause, I am distressed over my counsel's failure to meet certain filing deadlines set by this Honorable Court. Since I have not been successful in effectively communicating with my counsel since the entry of the Court's most recent Order, I feel compelled to file this Motion for Relief.

2. I pray that the Court will not allow the actions or omissions of my counsel to prejudice its opinions and findings on the merits of this case as my liberty interests will be seriously affected if this case is not properly adjudicated.

3. As I am not thoroughly familiar with either the Federal Rules of Civil Procedure or the Local Rules of the Federal District of the District of Columbia, I respectfully request that the Court consider this *pro se* submission despite any technical infirmities or other irregularities. I believe that consideration of this submission would advance the orderly administration of justice in this cause.

RECEIVED
MAY - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. I respectfully request that this Honorable Court consider this document as a Motion for Relief or construe it as any other Motion that may be appropriate and to allow a late filing of an Opposition to the government's latest pleading and to grant such other relief as the Court deems appropriate under the circumstances. I believe that justice warrants such relief for the following reasons:

    a. I was not aware of the extent of my counsel's requests for extensions of time. When I became informed of the present situation, I was extremely disappointed.

    b. After learning of the Court's Order, I became alarmed that the inaction of my counsel could affect this Court's rulings on the merits of my case. I am compelled to seek appropriate relief to assure that this case is decided on the merits and that I be allowed the opportunity to present a properly researched and drafted Opposition.

    c. Based upon the foregoing, I request a reconsideration or other relief allowing a responsive pleading to be filed, *pro se* or otherwise, in the best interests of the proper administration of justice.

5. I filed the underlying complaint on August 23, 2006, predicating jurisdiction primarily on 28 USC § 1331, because the relief sought required the interpretation and application of a statute of the United States, 18 USC § 3621(b), and regulations pursuant thereto, 28 CFR § 570.20 and 570.21. After full and due consideration, this Court granted a Temporary Restraining Order. In so doing, the Court clearly indicated its jurisdiction over the parties and the subject matter of this Complaint. On October 30, 2006, this Honorable Court entered a very well-reasoned Memorandum Opinion

explaining the factual and legal basis for the Preliminary Restraining Order. It appears that the government's instant Motion for Reconsideration is largely simply an attempt to reassert the same arguments that were soundly rebuked by this court almost six months earlier. Furthermore, this Motion has been improperly filed under Rule 12 of the Federal Rule of Civil Procedure which states in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. **A motion making any of these defenses shall be made before pleading if a further pleading is permitted**. (emphasis added)

The government filed its Answer (which is a pleading) on November 16, 2006, almost four months before filing this Motion under Rule 12. As a result, a clear reading of Rule 12 requires that the government should be barred from filing this Motion at this late date. Hence, it follows that the government is now prohibited from disputing jurisdiction over the subject matter, jurisdiction over the person, improper venue and failure to state a claim upon which relief can be granted. Clearly, this Motion should be denied or stricken to the extent that, on its face, it seeks relief under Rule 12.

6. In the alternative, the government seeks reconsideration under Rule 60(b)(6) of the Federal Rule of Civil Procedure which states in part:

3

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. <u>The motion shall be made within a reasonable time,</u> and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. (emphasis added)

Once again, the government's Motion was not filed within a reasonable time. The Preliminary Injunction was entered on September 26, 2006 and the Memorandum Opinion was entered on October 30, 2006. This delay in filing the Motion of approximately a half-year is unwarranted, especially since there is absolutely no additional case law to support its position since the entry of this Court's Order.

7. It is also noteworthy that the government filed an interlocutory appeal of the Order which is the subject of the Motion for Reconsideration on November 22, 2007. Although I am unfamiliar with the Federal and Local Rules, it appears unseemly and improper to file a Motion for Reconsideration of an Order that has already been appealed.

8. I wish to be considered by the BOP for designation in accordance with the "strong recommendation" of the sentencing court to serve my four month sentence at a Community Sanctions Center to allow me "to operate (my) business" by participating in

a Community Corrections Center work-release program. This judicial recommendation was made to avoid unnecessary harm to hundreds of innocent families who rely upon my day-to-day management of the business to assure that they will continue to receive salaries and health insurance from the business. I spend my days and nights working hard to assure that the hundreds of people whom I employ will continue their employment, despite the fact that the business is in serious jeopardy. As a result of current business conditions, my personal earnings are less than those whom I employ and I am truly working to save their jobs. This certainly does not qualify me as a "well-heeled businessman" as described by the government in their latest pleadings. Despite the foregoing, I am struggling to continue to operate the business. In previous statements made to the sentencing Court by my company's CFO, it was made clear that the business would be doomed to complete failure and all of these jobs would be lost if I were sentenced to a Federal Prison Camp (where the rules specifically prohibit me from conducting business). This was one of the primary compelling reasons that the sentencing judge "strongly recommended" that I be designated to a local CCC where work release allows the inmates to conduct business during business hours while remaining imprisoned for the remainder of their terms.

    The sentencing court and the Probation Officer, who recommended sentencing me to the Community Corrections Center, were unaware that the BOP had changed its thirty five year old policy of allowing direct placement of prisoners into Community Corrections Centers and following judicial recommendations regarding such placements. It should be noted that the BOP has now rescinded the new 2005 regulations and allow direct placement into Community Corrections Centers for defendants sentenced in the

5

Second, Third, Eight and Tenth Circuits since those Circuits have ruled the new regulations illegal and invalid. The newly developed 2005 BOP policy and regulation precluding consideration of such judicial recommendations are invalid as they are directly contrary to 18 USC § 3621(b). Parenthetically, it should be noted that no Circuit has ruled to the contrary and an overwhelming number of district courts in other Circuits have agreed that the BOP regulations are invalid.

9. It is apparent that this Honorable Court expended a considerable amount of time and effort analyzing the legal issues involved in granting the Preliminary Injunction. The Court's analysis is sound and correct in every respect. Although the government does not agree with the prior ruling of the Court, I refer to this Court's Memorandum Opinion of November 30, 2006 as sufficient legal argument to defeat the government's misguided Motion for reconsideration. Although I could argue every point raised by the government's Motion, it would be redundant as the Court has already rejected their various arguments raising the *Chevron* defense, etc. I would point out, however, that the government has raised virtually the same arguments (which have been soundly rejected) in all four of the Circuit Court Cases and the dozens of District Court Cases that they have lost attempting to defend these invalid regulations. Therefore, I will not waste the Court's time engaging in a detailed analysis of all of the government's various arguments except that I will point out that this Court has already considered and correctly rejected the government's position. However, it is appropriate to bring to the Court's attention, the numerous cases decided since the entry of the Memorandum Opinion of this Court on October 30, 2006.

10. As to the substance of the government's argument that the BOP regulations are valid, a substantial number of additional cases have been decided to the contrary since this Court's Opinion was entered last year. The following represents a summary of such cases. It does not include the substantial number of District Court from the Second, Third and Eighth Circuits, since those Circuits have settled the law by ruling that the BOP regulations are invalid.

The most significant development is the decision of the Tenth Circuit to follow the decisions and reasoning of the Second, Third and Eighth Circuits. In *Wedelstedt v. Riley, 2007 U.S. App. LEXIS 3701 (10th Cir. 2007)*, the Tenth Circuit invalidated the BOP regulations and ruled against the BOP to settle the law in that Circuit as well.

It has also been reported that a First Circuit District Court decision has been appealed and that oral arguments are now scheduled for May 11, 2007. In *Muniz v. Winn, 462 F. Supp. 2d 175; 2006 U.S. Dist. LEXIS 84615 (D. Mass. 2006)*, the government has appealed a decision of the District Court invalidating its regulations. The only known case siding with the BOP in the First Circuit District Courts is *Bullock v. Winn, 06-CA-40147-FDS (D. Mass. Nov. 8, 2006)*. However, even since the filing of the appeal, a number of additional decisions have been entered by First Circuit District Courts all of which have invalidated the BOP regulations. *Perez v. Winn, 457 F. Supp. 2d 109; 2006 U.S. Dist. LEXIS 77859 (D. Mass. 2006); Tahalajain v. Winn, 2006 U.S. Dist. LEXIS 94559 (D. Mass. 2006); Donnell v. Winn, 2006 U.S. Dist. LEXIS 94557 (D. Mass. 2006); Dembling v. Sabol, 2006 U.S. Dist. LEXIS 94557(D. Mass. 2006); Perez v. Winn, 465 F. Supp. 2d 87; 2006 U.S. Dist. LEXIS 91734 (D. Mass. 2006); Leja v. Sabol,*

*2007 U.S. Dist. LEXIS 15800 (D. Mass. 2007).* It appears that all of the remaining District Court Judges in the First Circuit who have ruled on the issue have invalidated the BOP regulations. It should be noted that the First Circuit was the first to invalidate the BOP's prior (and substantially identical) regulations in *Goldings v. Winn (citation omitted) (1st Cir. 2002).*

In addition, a District Court case has also now been decided from the Fifth Circuit invalidating the BOP rules. *Mihailovivh v. Berkebile, 2007 U.S. Dist. LEXIS 22361 (N.D. Tx. 2007).*

Furthermore, it appears clear that the BOP has made a conscious decision not to appeal decisions of the District Courts in the Ninth Circuit. An endless stream of cases is flowing in from District Courts in the Ninth Circuit. These Courts have unanimously and uniformly invalidated the BOP regulations. The following represents only a handful of these decisions entered from November 2006 to present. *Padilla v. Wrigley, 2007 U.S. Dist. LEXIS 4037 (E.D. Ca. 2007); Close v. Smith, 2006 U.S. Dist. LEXIS 94102 (E.D. Ca. 2006); Richter v. Smith, 2007 U.S. Dist. LEXIS 8753 (E.D. Ca. 2007); Chanes v. Wrigley, 2007 U.S. Dist. LEXIS 9491 (E.D. Ca. 2007); Quilon v. Wrigley, 2007 U.S. Dist. LEXIS 9500 (E.D. Ca. 2007); Ernest v. Smith, 2007 U.S. Dist. LEXIS 10641 (E.D. Ca. 2007); Pipher v. Wrigley, 2007 U.S. Dist. LEXIS 10658 (E.D. Ca. 2007); Garcia v. Wrigley, 2007 U.S. Dist. LEXIS 10658 (E.D. Ca. 2007); Cain v. Smith, 2006 U.S. Dist. LEXIS 94089 (E.D. Ca. 2006); Brown v. Smith, 2006 U.S. Dist. LEXIS 94402 (E.D. Ca. 2006); Pankratz v. Palmquist, 2007 U.S. Dist. LEXIS 7756 (W.D. Wa. 2007); Thomas v. Smith, 2007 U.S. Dist. LEXIS 8814 (E. D. Ca. 2007); Salas v. Wrigley, 2007 U.S. Dist. LEXIS 9499 (E.D. Ca. 2007); Deanda v. Wrigley, 2007 U.S. Dist. LEXIS 10637 (E.D. Ca.*

*2007); Lopez-Benjamin v. Wrigley, 2007 U.S. Dist. LEXIS 10654 (E.D. Ca. 2007); Pui v. Smith, 2007 U.S. Dist. LEXIS 10659 (E.D. Ca. 2007); Rodriguez v. Smith, 2007 U.S. Dist. LEXIS 10659 (E.D. Ca. 2007); Gullion v. Wrigley, 2007 U.S. Dist. LEXIS 15258 (E.D. Ca. 2007); Zuniga v. Wrigley, 2007 U.S. Dist. LEXIS 15248 (E.D. Ca. 2007); Salas v. Wrigley, 2007 U.S. Dist. LEXIS 17758 (E.D. Ca. 2007); Quilon v. Wrigley, 2007 U.S. Dist. LEXIS 17749 (E.D. Ca. 2007), Chanes v. Wrigley, 2007 U.S. Dist. Lexis 17943 (E.D. Ca. 2007). Gear v. Wrigley, 2007 U.S. Dist. LEXIS 22897 (E.D. Ca. 2007); Magana v. Smith, 2007 U.S. Dist. LEXIS 20074 (E. D. Ca. 2007); Colvin v. Wrigley, 2007 U.S. Dist. LEXIS 20366 (E.D. Ca. 2007); Delacruz v. Wrigley, 2007 U.S. Dist. LEXIS 26549 (E.D. Cal. Apr. 9, 2007); Delacruz v. Wrigley, 2007 U.S. Dist. LEXIS 26549 (E.D. Cal. Apr. 9, 2007); Hailassie v. Fed. Bureau of Prisons, 2007 U.S. Dist. LEXIS 26502 (E.D. Cal. Apr. 9, 2007); Strickstein v. Wrigley, 2007 U.S. Dist. LEXIS 26501 (E.D. Cal. Apr. 9, 2007); Esqueda v. Wrigley, 2007 U.S. Dist. LEXIS 26499 (E.D. Cal. Apr. 9, 2007); Beard v. Wrigley, 2007 U.S. Dist. LEXIS 26497 (E.D. Cal. Apr. 9, 2007); Gear v. Wrigley, 2007 U.S. Dist. LEXIS 22897 (E.D. Cal. Mar. 28, 2007).*

Furthermore, there are a growing group of petitions for habeas corpus arising from the Ninth Circuit that are denied as moot due because the BOP has simply decided to redesignate the petitioner to a CCC after receiving service of the petition rather than litigate the matter. *(Citations omitted).* As a result of the foregoing, it appears that the BOP has simply "thrown in the towel" in the Ninth Circuit.

In conclusion, it is clear that the substantive law has continued to develop around the country as many additional jurisdictions have adopted the position that 28 CFR 570.20 and 570.21 are invalid.

WHEREFORE, the undersigned Plaintiff, acting *pro se*, requests that Defendants' Motion to Dismiss be denied and that all relief sought by the Defendants be denied. The Plaintiff further request that this Honorable Court grant Plaintiff's Motion and grant such further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

Mark D. Jasperson, Plaintiff
9824 Bay Island Drive
Tampa, Florida 33615
(813) 891-6306

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of April, 2007, I caused a copy of the foregoing pleadings to be sent via U.S. Mail to AUSA Charlene Abel, 455 Fourth Street, NW, Washington, D.C. 20001 and to Brian Shaughnessy, 913 M Street, NW, Suite 101, Washington, DC 20001