IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | Case No. 1:06CV01488 (HHK) |

### OPPOSITION TO GOVERNMENT'S MOTION TO STAY

COMES NOW plaintiff Mark D. Jasperson, by and through counsel, in opposition to defendant's Motion to Stay the Court's Order of August 21, 2007, pending appeal, states as follows.

### A.   BACKGROUND

At sentencing, the District Judge issued a judicial recommendation that Mr. Jasperson, because of family and economic circumstances, be committed to a halfway house. The Bureau of Prisons denied that recommendation solely based on invalid regulations that they had issued. This litigation followed. After extensive briefing and argument, the Court issued a scholarly opinion granting plaintiff the relief sought, which was implemented in this Court's Order requiring the defendants to consider plaintiff's placement in a halfway house in compliance with 18 USC §3621, without reliance on the Bureau of Prisons' new rule regarding such transfers. This appeal followed.

Defendant proposes that a stay be granted based on four criteria:

1.   Whether movant has a substantial chance of success on the merits,

2. Whether movant will suffer irreparable harm if the stay is denied,

3. Whether the stay will cause substantial harm to third parties, and

4. Whether the public interest will be served by the stay.  <u>Washington Metro. Area Transit Comm'n</u>, 559 F. 2d 841, 843 (D.C. Cir. 1977).  Defendant meets none of the requisite criteria.

    **B.**    **<u>ARGUMENT</u>**

    **1.**    **<u>Defendant has little to no chance of success on the merits</u>.**

Defendant's primary reliance is on reasoning related to a prior episode of invalid policy statements issued in 2002 upon which the present regulations have been based. These arguments are a rehash of the arguments advanced without success in the earlier history of this litigation as well as in other cases nationwide.  Moreover, no court has sustained the position taken by the Department of Justice.  At last count over two hundred federal courts have ruled against the government's position, including two district judges in this District.  The government states that certain unnamed circuit judges agree with the BOP's position.  The BOP artfully omits to mention that no court has accepted its position.  Accordingly, plaintiff relies on the decision of Judge Kennedy which fully rejects the BOP's restated arguments and on the one hundred eighty decisions (as of February 2007) supporting plaintiff's position.  Defendant has virtually no chance of success on the merits since the precedent is over 200 to 0 opposed to its position.

    **2.**    **<u>Plaintiff will be harmed by a stay</u>**

The government, as it has throughout plaintiff's trail through the courts, cavalierly disregards the extreme dislocation it has wreaked on plaintiff's life.  Since the beginning of this case plaintiff has had two children, the oldest four years old, has had marital

difficulties arising out of the stress this matter has caused, and has struggled with his business because of the uncertainty of his future. Plaintiff pled guilty and would like to serve his sentence and go on with life.

**3,** **The stay serves no purpose except the reluctance of the Department of Justice to abandon a wrongheaded policy that is contrary to law.**

The public interest is served best by a Department of Justice that complies with the overwhelming authority found in judicial decisions ruling on this issue. Indeed, complying with the Court's Order would have a salutary effect on defendant as stated in an earlier ruling on the invalid policy statements Rather than imposing a burden, the entry of a preliminary injunction is likely to save the defendants time and money. See <u>Hurt v. BOP</u>, in which Judge Fitzpatrick found that the entry of a preliminary injunction [granting the same relief as in the instant case] would be a benefit to the BOP financially and administratively. USDC M.D. GA, Memorandum Order, September 19, 2003. In sum, the government argues that it wishes approval to continue to flout the law.

**4.** **The BOP will suffer no irreparable harm.**

The BOP, citing to two other cases it has lost, suggests that this case is similar without showing that the foregoing three criteria for a stay that it fails to meet here were met in those two cases. Here the public interest, which the Department of Justice purports to represent, would best be served by complying with the law as stated by this Court and over two hundred other federal courts.

Moreover, this Court should consider the extreme hardships being worked on all similarly situated plaintiffs and those potential plaintiffs who cannot afford a lawyer to vindicate their right to have the BOP follow the law. If the Court will recall at the argument of this case there were two Assistant U.S. Attorneys at counsel table and four

3

other Justice Department lawyer from the Office of Legal Counsel in the courtroom. The four OLC lawyers were giving advice/instruction to the Assistant arguing the case. According to the U.S. Attorney in the Washington Post., October 21, 2007, this district, does not have sufficient funds to prosecute criminal cases that affect the safety of the citizens of this city, yet the Department of Justice can expend six salaries to contest this case. It would appear that the public interest would best be served by the U.S. Attorney—as well as the Justice Department, which is funding these futile cases nationwide-- devoting his resources to prosecuting worthwhile cases to protect the citizens of Washington rather than defending this case in the face of over two hundred federal cases ruling against it and none ruling in its favor.

      Plaintiff intends to seek attorneys fees in this case based on the vexatious defense which has tied this matter up for over a year. The defense is frivolous and is presented for an improper purpose to cause unnecessary delay and expend the resources of plaintiff. Rule 11 requires that the defenses and other legal contentions be warranted by existing law. Existing law is conclusively against this defenses and the government should be sanctioned for its frivolous, wasteful defense here.

      WHEREFORE, plaintiff requests that defendant's Motion to Stay be denied, sanctions for defendant's Rule 11 violations be imposed, and attorney's fees for the defense of this Motion be awarded.

      Respectfully submitted,

_____/s/_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

4

                                                    Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on the 29th day of October 2007, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to AUSA Charlene Abel, 555 Fourth Street, NW, Washington, DC 20001.

                                        _____/s/_____
                                          Brian W. Shaughnessy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | **Case No. 1:06CV01488 (HHK)** |

## **ORDER**

Upon consideration of defendant's Motion for a Stay, plaintiff Mark D. Jasperson's Opposition thereto, and the entire record, it is hereby

ORDERED, this ___ day of November 2007, that defendant's Motion to Stay is DENIED.

_____
**JUDGE**