IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK D. JASPERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CV-01488 (HHK) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et. al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO EXTEND TIME
TO COMPLY WITH ORDER**

**BACKGROUND**

This case involves a criminal defendant sentenced to a term of imprisonment of four months. In the Judgment and Commitment Order, the sentencing judge issued a judicial recommendation that the defendant serve his sentence in a half way house in Florida. The BOP designated the defendant to a prison camp instead based on its 2005 regulation which no longer allowed the housing of inmates in halfway houses for purposes of serving their sentences. The regulation provides that "[t]he Bureau will designate inmates to community confinement only as part of prerelease custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a). This is based on the BOP's new interpretation of 18 U.S.C. §§ 3621 and 3624(c).

1

The District Court for the District of Columbia issued a preliminary injunction on September 26, 2006. On August 22, 2007, the same court issued an order to the BOP to "make an individualized determination of plaintiff's place of confinement" ... "without regard to the 'categorical exercise' of discretion in 28 C.F.R. § 570.20(a), and considering each of the factors set forth in 18 U.S.C. § 3621 (including the recommendation by plaintiff's sentencing court that he serve his sentence in a Community Center, <u>id.</u> § 3521(b)(4)(b))."

Defendant moved to stay compliance with the Court's order of August 22, 2007 and noted an appeal on October 17, 2007. This Court denied the motion to stay but granted defendant an additional ten days in which to comply with the order. Subsequently the defendant sought and was granted an additional ten days in which to comply. The due date for compliance is December 11, 2007. Defendant now seeks additional time in which to comply with the order so that it may consider whether there are grounds to seek a stay in the D.C. Circuit Court pending appeal. A stay is necessary because execution of the Order would deprive the government of the opportunity to seek review by a higher court of the district court's findings and judgment.

Defendant moves for a further extension of time in which to comply with the August 22, 2007 Order. The grounds for the motion are that the due date for compliance is December 11, 2007,

and defendant needs additional time in which to consider whether to file a stay of compliance with the D.C. Circuit. Undersigned counsel has been engaged in settlement discussions in the case of *Adams v. Peters*, C.A. 04-856, and in *Jason Canon v. Paulson*, C.A. 05-736, and has also recently filed two dispositive motions in the D.C. Circuit in *Voinche v. FBI*, No.   (December 3, 2007), and *Douglas v. Jackson*, No. 07-5339 (November 30, 2007).

Defendants' counsel has contacted the plaintiff's counsel to seek his consent to the instant motion but there was no substantive response at the time this motion was filed. LCvR 7(m).

### Conclusion

Defendants request that they be given an additional twenty days in which to comply with the Court's order of August 22, 2007, granting relief to the plaintiff, up to and including, December 31, 2007.

Respectfully submitted,

/s/
JEFFERY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
CHARLOTTE A. ABEL, DC Bar # 388582
Assistant United States Attorney