IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | **Case No. 1:06CV01488 (HHK)** |

**RESPONSE TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER**

COMES NOW plaintiff Mark D. Jasperson, by and through counsel, responds to defendant's Third Motion for an Extension of Time to Comply with the Court's Order of August 21, 2007, and states as follows.

## BACKGROUND

Defendants Bureau of Prisons and Lappin (hereinafter "BOP") seek a third stay ostensibly because of the heavy work load of the AUSA assigned to the case. Defendants advance no legal argument for the requested stay.

## ARGUMENT

The standards for obtaining a stay pending appeal are:

1. Whether movant has a substantial chance of success on the merits,

2. Whether movant will suffer irreparable harm if the stay is denied,

3. Whether the stay will cause substantial harm to third parties, and

4. Whether the public interest will be served by the stay. <u>Washington Metro. Area Transit Comm'n</u>, 559 F. 2d 841, 843 (D.C. Cir. 1977). Defendants meet none of the

requisite criteria. Indeed, defendants' position has eroded since the Order and the previous requests. Plaintiff's Opposition to the earlier Motion to Stay, which addresses all issues concerning the stay, is attached as Exhibit 1.

1. **<u>The Merits.</u>**

The Court's Order and Opinion in this case invalidating the regulation thoroughly reviewed the law and provided a deep analysis of the facts as applied to the law. The government has advanced no new legal basis for overturning the Order. Plaintiff relies on the Opinion and his earlier memoranda. In support of the Court's Opinion, plaintiff located over two hundred fifty cases directly supporting the Opinion while the government cited no cases in its favor. In addition, plaintiff's further research has demonstrated that the government's regulation has been regularly invalidated with only two districts—not cited by the government-- offering any criticism of the invalidation. We have attached two tables setting out the results of plaintiff's research. Exhibit 2 demonstrates that the regulation was invalidated in over one hundred cases since the Court's Opinion in August 2007. Exhibit 3 sets forth seven cases from the Northern District of Georgia (five) and the District of Massachusetts (two) declining to invalidate the regulation. All seven cases were <u>pro se</u>. Since the granting of a stay requires "a substantial chance of success on the merits," it is clear that the government has not even approached that criterion. As demonstrated in our earlier Opposition, Exhibit 1, the government has failed to meet the other three criteria.

2. **<u>The Balance of Harm.</u>**

Plaintiff Jasperson has lived with this case for over five years. He has had two children since its inception, his business has been nearly destroyed and his family has

been severely impacted. He wants to serve his sentence and attempt to pick up the shards of his life and move on. Although it has been made clear through overwhelming judicial precedent as well as the scholarly opinion by this Court that Mr. Jasperson should be considered for a halfway house, the government irrationally refuses to obey the law. While the government may long/yearn to establish a "principle" which is legally, economically, socially, and penologically unsound—a chimerical principle that has been nearly uniformly rejected in hundreds of cases—Mr. Jasperson should be permitted to resume his life. If the stay is granted Mr. Jasperson will be severely harmed with no equivalent harm being caused the government.

    3.    **The Reason for the Stay is Insufficient**.

Defendants claim that because the AUSA assigned to this case has been negotiating two civil cases and has filed dispositive motions in two other civil cases, it could not decide whether "to file a stay of compliance with the D.C. Circuit." This reason is specious. The U.S. Attorneys Office has had sufficient resources to make that relatively simple decision in the four months since the Court's Order. Because at argument the government was not able to cite case law in support of its position, it was on notice at least by last spring and certainly by August 2007 that this decision on what to do with Mr. Jasperson would have to be made. The U.S. Attorneys Office had sufficient resources to deploy six attorneys at the argument of this case. With the arrayed wisdom of those attorneys and their supervisory attorneys, a decision on how to proceed could have been made within four months regardless of the individual AUSA's modest case load. The reason for the delays is apparent: the U.S. Attorney and the OLC are reluctant to admit that their

position is indefensible and wrongheaded   Accordingly, we request that the Motion for Stay be denied and that attorneys fees be awarded plaintiff.

                                                          Respectfully submitted,

                                                  _____/s/_____
                                                  Brian W. Shaughnessy, DCN 89946
                                                  913 M Street, NW
                                                  Suite 101
                                                  Washington, DC  20001
                                                  (202) 842-1700

                                                  Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 12th day of December 2007, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to AUSA Charlotte Abel, 555 Fourth Street, NW, Washington, DC  20001.

                                                  _____/s/_____
                                                  Brian W. Shaughnessy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK D. JASPERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et, al.,**<br><br>**Defendants.** | Case No. 1:06CV01488 (HHK) |

### ORDER

Upon consideration of defendants' Motion for Stay, plaintiff Mark D. Jasperson's Opposition, and the entire record, it is hereby

ORDERED, this ___ day of December 2007, that defendant's Motion for Stay is DENIED.

_____
**JUDGE**